# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ABRAHAM CALLEROS,**

        **Petitioner,**

  -vs-                                                                                    **Case No. 02-C-0923**

**JEFFERY P. ENDICOTT,**

        **Respondent.**

## DECISION AND ORDER

On September 18, 2002, petitioner, Abraham Calleros filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denies his petition because Calleros did not exhaust his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A).

## DISCUSSION

On May 15, 2000, Calleros was convicted of battery by a prisoner with habitual criminality, in violation of sections 939.62(1)(b) and 940.20(1), Wis. Stat. Calleros appealed his conviction before the Wisconsin Court of Appeals. While his appeal was pending, Calleros filed a *pro se* "Petition to Bypass Court of Appeals" to the Wisconsin Supreme Court, pursuant to sections 808.05 and 809.60, Wis. Stat. The Wisconsin Supreme Court denied his petition to bypass. On July 25, 2001, the Wisconsin Court of Appeals summarily

1

affirmed Calleros's conviction. Calleros did not petition for review to the Wisconsin Supreme Court, nor did he seek any state postconviction relief. He is now confined at the Redgranite Correctional Institution, in Waushara County, Wisconsin.

A federal court cannot grant a state prisoner habeas relief until that prisoner has first exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state prisoner exhausts his state court remedies only after he presents his claims in a petition for review to a state court of last resort. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This Calleros failed to do.

Like most states, Wisconsin has a two-tier appellate structure. WIS. CONST. art. V, § 7. Calleros only availed himself to the first tier of that structure, by raising his claims before the Wisconsin Court of Appeals. After the court of appeals affirmed his conviction, he did not file a petition for review to the Wisconsin Supreme Court, which he could have done pursuant to section 808.10, Wis. Stat. Thus, he never exhausted his state court remedies, and he is, therefore, procedurally barred from filing a federal habeas petition.

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Calleros's Petition for Writ of Habeas Corpus is **DENIED.**

Dated at Milwaukee, Wisconsin, this 30th day of August, 2005.

**SO ORDERED,**

**s/ Rudolph T. Randa**

**HON. RUDOLPH T. RANDA**
Chief Judge